WeldoN, J.,
delivered the opinion of the court:
The claimant brought suit under what is commonly known as the Indian depredation act of March 3, 1891, to recover against the United States and the Osage Indians compensation for a depredation alleged to have been committed in the spring of 1869, on the Chisolm trail in the Indian Territory. The findings show that in the spring of that year, on said trail, to wit, in the Cherokee Strip, Indians belonging to said tribe took and drove away property of the kind described in the petition, the value of which, at the time and place, was the sum of $3,280; that the property was taken without just cause or provocation on the part of the claimant, or his agent in charge, and has never been returned or paid for; and that at the time of the taking the cattle were not on the lands of the Indians.
The defendants insist that there is no liability on the part of the United States and the defendant Indians, because the claimant was driving his cattle through the Indian country, and therefore he was not without fault and the Indians not without provocation. To maintain this theory they rely on *405 tbe case of Welch v. The Cherokee Indian, reported in 32 C. Cls. R., 106, in wbicb it is beld, that a person occupying a house and farm in the Cherokee Strip without authority from the Cherokee government, and who was compelled to abandon his stock and remove from his farm, was not entitled to compensation under the statute. In that case it is said, in substance, that the Indian depredation act is strictly jurisdictional; that it affords a remedy for existing claims, but does not define them nor create new liabilities agaipst Indians; that the words “without cause or provocation” do not operate retroactively either as to the claimants or defendants; that at the time of the depredation, in July, 1861, the liabilities of the Indians and the United States were defined and regulated by act of June 30, 1834 (4 Stat. L., 729, sec. 17), as modified by the act of February 28, 1859 (11 id., 401), and the joint resolution of June 25, 1860 (12 id., 120). That under the act of June 30,1834, it is necessary that the wrong be committed by Indians off the reservation, or, if on the reservation, that the person injured was lawfully there.
The case of Welch differs from the case at bar in this, to wit: That the Indians committing the depredation in this case were not the Indians who were the owners and in occupation of the reservation or land upon which the depredation was committed. In that particular it differs materially from the Welch case; and even conceding that the claimant was as to the Cherokees unlawfully within their territory, that fact gave the defendant Indians ho right or just provocation to commit a depredation upon the rights of the claimant. The just cause or provocation referred to in the statute is a cause or provocation existing between the party alleging the depredation and the party against whom the depredation is alleged. It was no concern of the Osage Indians that the claimant at the time of the depredation was on the land and in the country of the Cherokees. The cause or provocation must be a justification in law to the defendant Indians, who seek by the act to protect their own rights from invasion, not the rights of third parties.
The Welch case differs from the case at bar in another material particular — in this, to wit: The claimant in this case was passing through the country of the Cherokee Indians in the *406 exercise of an alleged right of transit along and upon a trail or road which had been recognized by the Indians and public for many years before the commission of the depredation. In the Welch case the claimant settled permanently within the country of the- Indians, while in this case he was in the exercize of an alleged right of transit.
The court, without passing definitely upon the question as to the lawfulness of the claimant being on the lands of the Cherokees (the decision of that question not being necessary in the view we have taken), holds that as to the Osage Indians, the depredation was committed without just cause or provocation, and as against them the claimant has a right to recover, as shown in the conclusion of law.